UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LUCIUS B. CUMMINGS** | **CIVIL ACTION NO. 21-0146** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **JAMES E. STEWART, SR.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Lucius B. Cummings, a prisoner at Caddo Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 19, 2021, under 42 U.S.C. § 1983. He names District Attorney James E. Stewart, Sr. as defendant.[1] For reasons below, it is recommended that the Court dismiss Plaintiff's claims.

### Background

Plaintiff maintains that District Attorney Stewart charged him with possession with intent to distribute a Schedule II controlled dangerous substance, illegal carrying of weapons while in possession of a controlled dangerous substance, and possession of a firearm or carrying a concealed weapon by a convicted felon. [doc. #s 1, p. 1; 1-2, p. 1]. He claims that Stewart filed a false bill of information. [doc. # 22, p. 1]. The bill of information states that Plaintiff possessed a .380 caliber handgun, but he claims that "no one knows where this gun came from or who's responsible for finding it." [doc. # 1, p. 2]. He adds that there is "no report written on this .380 handgun . . . ." *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff further claims that Stewart is corrupt and is engaging in a conspiracy. [doc. # 1, p. 1]. He alleges that Stewart is charging him to seek revenge on behalf of "good friend," former Judge Michael Walker, who sentenced Plaintiff in 2005. *Id.* at 2-3. Plaintiff explains that after Judge Walker sentenced him, Walker was "caught up with all the corruption and conspiracy" taking place in his courtroom. *Id.* at 3.

Plaintiff seeks a "full and complete investigation" and the dismissal of his charges. [doc. #s 1, p. 2; 4, p. 4].

On August 10, 2021, the Court stayed Plaintiff's claims pending resolution of his criminal charges. [doc. # 27]. On September 8, 2021, Plaintiff moved to lift the stay, informing the Court that he was convicted on all charges. [doc. #s 31; 31-1, p. 2]. The Court lifted the stay on September 9, 2021. [doc. # 32].

On September 10, 2021, Plaintiff moved for leave to supplement his pleadings with additional exhibits. [doc. # 34].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the

same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. *Heck v. Humphrey***

Plaintiff claims that District Attorney Stewart filed a false bill of information and engaged in a conspiracy to convict him.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared

4

invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Courts assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (internal quotation marks and quoted source omitted). Courts "ask whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling [it] into question." *Id.*

Here, Plaintiff expressly asks this Court to order Defendant to dismiss his charges. Plainly, obtaining this relief would invalidate his convictions. *See Phillips v. State of Texas*, 2021 WL 1975857, at *2 (5th Cir. May 17, 2021) ("In his prayer for relief, for example, Phillips specifically requests that this court overturn his allegedly unlawful conviction and expunge his criminal record. *Heck* bars such a challenge.").

Next, prevailing on the prosecution-without-probable-cause claim—by establishing that Defendant lacked probable cause to charge Plaintiff by bill of information—would necessarily imply the invalidity of Plaintiff's convictions. *See Heck*, 512 U.S. at 484 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused."); *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 583 (5th Cir. 2012) ("[M]alicious-prosecution claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity."); *Wells v. Bonner*, 45 F.3d 90, 96 (5th Cir. 1995); *see also Phillips*, 2021 WL at *2 (holding that claims of prosecutorial misconduct leading to an unlawful conviction implied the invalidity of the conviction).

Prevailing on the prosecutorial conspiracy claim would also necessarily imply the invalidity of Plaintiff's convictions. *See Phillips v. State of Texas*, 2021 WL 1975857, at *2 (5th

5

Cir. May 17, 2021) (finding that *Heck* barred a plaintiff's claims that (1) his counsel and the prosecution conspired to convict him and (2) that the prosecution engaged in prosecutorial misconduct leading to his conviction); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 680 (5th Cir. 1988) (finding, where the plaintiff alleged that his attorney conspired with the prosecution and the judge, that the indictment was unlawfully amended, that his counsel was ineffective, and that the prosecutors engaged in misconduct, that "[a]ll of his allegations challenge the validity of his conviction . . . .").

Plaintiff may not seek relief for his claims until his convictions are reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.[3]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Lucius B. Cummings' claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief may be granted until the *Heck* conditions are met.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion for leave to supplement, [doc. # 34], be **DENIED** as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

---

[3] *See Mann v. Denton Cty. Texas*, 364 F. App'x 881, 883 (5th Cir. 2010) (recognizing that *Heck* also applies to requests for injunctive and declaratory relief); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 16th day of September, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge